IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JUAN CARLOS GARCIA-RODRIGUEZ, and JESUS HUMBERTO ESCOBAR-CASTRO**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CR751DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on several pretrial motions in limine: (1) Defendant Jesus Humberto Escobar-Castro's Motion to Exclude Evidence Pursuant to Rule 404(b) and Prejudicial Joinder; (2) Defendant Juan Carlos Garcia-Rodriguez's Motion Regarding Co-Defendants Statements; and (3) Defendant Garcia-Rodriguez's Motion in Limine to Exclude Profane Language.  On April 20, 2015, the court held a hearing on the motions.  At the hearing, Defendant Garcia-Rodriguez was present and represented by A. Chelsea Koch and Jon Williams, Defendant Escobar-Castro was present and represented by Cara M. Tangaro and Scott C. Willimas, and Plaintiff United States of America was represented by Robert A. Lund and Stewart M. Young.  After carefully considering the parties arguments and the facts and law relevant to the pending motions, the court enters the following Memorandum Decision and Order.

DISCUSSION

**1. <u>Escobar-Castro's 404(b) Motion in Limine</u>**

Defendant Escobar-Castro moves for an order prohibiting the government from introducing evidence related to drug trafficking activities in Las Vegas, Nevada, because the evidence involves other conspiracies that are not part of the conspiracy charged in the present case. The government responds that it will not introduce evidence of drug trafficking in Las Vegas that relates to other conspiracies, such as the Villatoro conspiracy. However, the government contends that there is evidence of drug trafficking in Las Vegas that relates to the conspiracy charged in this case.

The Superseding Indictment charges conduct from January 2011 to December 10, 2012, in the District of Utah and elsewhere. The government argues that any evidence it introduces regarding drug trafficking activities in Las Vegas will have a causal link to the Utah conspiracy charged in the Superseding Indictment. The evidence shows that Defendants both lived in Las Vegas, Nevada, for a period of time, began working together there and continued to work together after Garcia-Rodriguez moved to Salt Lake City, Utah. The alleged conspiracy deals with several seizures and numerous telephone calls in Salt Lake City, Utah, and Las Vegas, Nevada. The government claims that several telephone calls and proposed testimony from other co-conspirators demonstrate that Escobar-Castro provided Garcia-Rodriguez with methamphetamine from Las Vegas to distribute in Utah on several occasions. The charged conspiracy, therefore, includes evidence of drug trafficking activities in and related to Las Vegas, Nevada. Because the alleged activities occurred during the time frame charged in the Superseding Indictment and are intrinsic to the conspiracy crime charged, such evidence is not

2

Rule 404(b) evidence.

Escobar-Castro further argues that the introduction of other conspiracies may cause prejudicial joinder. However, the government has stated that it will not introduce evidence of the Villatoro conspiracy and the remaining evidence of drug-trafficking in Las Vegas pertains to the charged crime. Therefore, the court finds no potential for prejudicial joinder. Accordingly, Escobar-Castro's motion in limine is denied.

**2. Garcia-Rodriguez's Motion in Limine Regarding Co-Defendant Statements**

Garcia-Rodriguez seeks to exclude any co-defendant statements that implicate him and requests that the government identify any co-defendant statements it intends to introduce at trial. Garcia-Rodriguez also seeks all statements of co-conspirators that fall under the *James* doctrine.

Neither defendant provided any incriminatory statements to law enforcement so there is no *Bruton* issue in this case. With respect to co-conspirator statements under *James*, the government provided a factual proffer, which is an acceptable method under Tenth Circuit law. *United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995). The government's factual proffer provides substantial evidence of a conspiracy. Given the volume and strength of the government's evidence in this case, a pre-trial evidentiary hearing is impractical and unnecessary.

Provisionally, the proffer establishes the existence of a conspiracy, that the declarants and defendants aided the conspiracy, and that the declarants made their statements in furtherance of the conspiracy. Therefore, preliminarily, the court concludes that, under Tenth Circuit law, the statements constitute admissible, non-hearsay evidence under Rule 801(d)(2)(E). *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994). Accordingly, Garcia-Rodriguez's motion in limine is denied.

**3. Garcia-Rodriguez's Motion in Limine to Exclude Profane Language**

In the majority of the intercepted telephone conversations the government intends to admit into evidence, Defendants and others repeatedly use profane language. Garcia-Rodriguez moves for an order requiring the government to redact the profane language pursuant to Rules 401 and 403 of the Federal Rules of Evidence, arguing that the profanity is not relevant to the conversations and the offensive words are unfairly prejudicial.

While Garcia-Rodriquez contends that the redaction of the profanity would not change the probative value of the conversations, the government provided several instances where the language is necessary to understand Garcia-Rodriguez's response. For example, the government points to a conversation in which Garcia-Rodriguez was told that a car transporting methamphetamine was pulled over by police. His response was simply, "F—!" Garcia-Rodriguez's request would not only delete his entire response, it would hide highly probative evidence of Garcia-Rodriguez's investment in the transportation of the methamphetamine.  In another call in which Escobar-Castro and Garcia-Rodriguez are negotiating a purchase price for methamphetamine, the profanity is probative of Escobar-Castro's involvement in and commitment to the conspiracy. The use of the plural pronoun, "we're f—ed," suggests that the collective fate of defendants in their joint endeavors is in peril due to proceeds to a higher source for "ten pounds pending." Redacting the language negatively impacts its probative value. Therefore, under a Rule 403 balancing, the language is more probative than prejudicial.

While there is a fair amount of profanity in less probative instances, the language at issue is not inflammatory, such as racial slurs. The court acknowledges that it chose to redact the language in its decision because it is not professional. However, there is a certain level of

4

tolerance for such language in society and the court is not convinced that such language would cause a juror to base his or her decision on emotion or some other improper basis. To lessen any potential for unfair prejudice to Defendants, the court will ask a voir dire question on the subject so that any juror who may be sensitive to profanity is excluded. In addition, the court will give a limiting instruction to the jurors. The court requests that the parties stipulate to the form of the instruction. These steps should limit any potential prejudice. Because the jury has to hear some instances of coarse language, the court finds little value in redacting the remaining instances of coarse language after these precautionary steps are taken. Therefore, Defendant's motion in limine is denied.

### 4. Trial Procedures

At the motion in limine hearing, the court discussed several matters of trial procedure with counsel but failed to address two issues with respect to the jury. Because the trial is expected to proceed into a second week and span a weekend, the court will typically impanel an alternate juror. In addition, it is the court's custom in multi-defendant cases to allow each defendant six peremptory challenges and the government seven peremptory challenges. Any party may raise an objection to this procedure prior to trial. Otherwise, the court will plan to proceed in this fashion at trial.

DATED this 21st day of April, 2015.

_____
DALE A. KIMBALL
United States District Judge